IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Junzhou Huang, <br><br> Plaintiff, <br><br> v. <br> The Partnerships and Unincorporated Associations identified in Schedule A, <br><br> Defendants. | Case No. <br><br> **JURY TRIAL DEMANDED** |

### Declaration of Junzhou Huang

I, Junzhou Huang, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am a Chinese national residing within, Shenzhen, the People Republic of China.

3. I am the inventor and owner of the U.S. Design Patent No. D912,763 (the "'763 Patent") titled "Filter For Pet Fountain", which was duly issued on March 9, 2021.

4. The '763 Patent is valid.

5. I am the lawful owner of all rights, title, and interest in the '763 Patent.

6. The '763 Patent relates to ornamental designs for fountain filters with packages evenly distributed thereon.

7. I make, use, sell, and offer to sell the products practicing the '763 Patent, namely, fountain filters for pet fountain, (the "Patented Products") through Amazon stores such as Wonder Creature (ASIN: B07MBC5LQ4) at Amazon.com

8. The Patent Products have been well received by customers who desire replacement filters for their pet fountain devices. One of the stores, https://www.amazon.com/stores/The+Best+Pet+Consultant/page/F05F4F94-4DA0-41E7-9E0D-DE2CB5468DC4?ref_=ast_bln, has received 281 reviews and garnered averaging 4.7 out of 5 stars as of the date of the filing of the Complaint.

9. I have not granted a license or any other form of permission to Defendants with respect to the patented design or the '763 Patent.

10. Despite defendants' lack of authority, they are promoting, advertising, distributing, selling and/or offering for sale goods ("Defendants' Goods") to consumers in the US, including but not limited, consumers within the district of Northern Illinois.

11. I, or someone under my direct supervision, investigated the promotion and sale of infringing products by defendants to obtain payment account information for funds paid to defendants for the sale of infringing products.

12. These investigations established that defendants use Amazon, Wish, eBay, AliExpress, and Alibaba to sell Defendants' Goods using the '763 Patent (the"Infringing Products") from foreign countries such as China to consumers in the United States.

13. I, or someone under my direct supervision, accessed defendants' Internet based e-commerce stores operating under their seller identification names through Amazon.com, Wish.com, eBay.com, AliExpress.com, and Alibaba.com.

14. I, or someone under my direct supervision, viewed Infringing Products with each e-commerce store.

15. I, or someone under my direct supervision, placed test orders from certain defendants via their e-commerce stores operating under their seller IDs for the purchase of various products all bearing infringements of the '763 Patent.

16. I, or someone under my direct supervision, captured detailed web pages for each defendant reflecting each infringing product bearing infringements of the '763 Patent.

17. I, or someone under my direct supervision, personally analyzed each of the Infringing Websites and determined that Infringing Products were being offered for sale to residents of the United States.

18. A comparison of the '763 Patent to the Infringing Products reveals that the Defendants' Goods infringe said patent.

19. Defendants are selling their Infringing Products to consumers within this district and throughout the United States.

20. Defendants are responsible for thousands of Infringing Products sold.

21. Each sale results in a direct loss to me.

22. As the sales of the Infringing Products grow on the Internet, the legitimate marketplace for the Patented Products shrinks.

23. My goodwill and reputation are irreparably damaged due to loss in brand confidence.

24. I am further irreparably harmed because Defendants take away my ability to control the nature and quality of Infringing Products.

25. Loss of brand confidence and quality control over goods is neither calculable nor precisely compensable.

26. Monetary damages cannot adequately compensate me for ongoing infringement because monetary damages fail to address the loss of control and damage to my reputation and goodwill.

27. I also find that it is difficult, if not impossible, to ascertain the monetary damages due to the inability to calculate measurable damage in dollars and cents caused to my reputation and goodwill by acts of infringement.

28. I am further irreparably damaged due to a loss of exclusivity. My extensive marketing and innovative patented design are aimed at growing and sustaining sales. When defendants sell or offer for sale Infringing Products without authorization, the exclusivity of my products, as well as my reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

29. In the absence of a TRO without notice, the Defendants can and likely will register new online marketplace accounts under new aliases and move any assets to offshore bank accounts outside the jurisdiction of this Court.

30. In the Absence of a TRO with an asset seizure in place, Defendants are highly likely to simply disappear into the night, leaving me and this Court powerless to redress their unlawful acts.

31. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Junzhou Huang*     (Junzhou Huang)

Executed on this 23rd day of January, 2022 in Shenzhen, China.