**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUNZHOU HUANG, | |
| Plaintiff, | |
| v. | Case No.: 22-cv-00809 |
| Partnerships and Unincorporated Associations identified in Schedule A | **JURY TRIAL DEMANDED** |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff brings this action against Partnerships and Unincorporated Associations identified in Schedule A (the "Defendants") for design patent infringement under 35 U.S.C. §271. *See* Second Amended Complaint (Dkt. #27). As alleged in the Second Amended Complaint, the Defendants have been promoting, advertising, marketing, distributing, offering for sale and selling infringing products, through various online stores.

Defendants are knowingly and intentionally advertising, distributing, and selling infringing products in this district and throughout the U.S. using e-commerce stores on third party marketplace platforms under seller identification names listed on Schedule "A" (the "Defendant Internet Stores"). Defendants' unlawful activities infringe Plaintiff's intellectual property rights and deprive Plaintiff of control over its intellectual property.

Defendants' unlawful activities cause Plaintiff ongoing irreparable harm, which shall be enjoined. The Defendants' illegal profits should be frozen pursuant to the court's inherent

1

powers to prevent Defendants from hiding or transferring their ill-gotten assets beyond the jurisdiction of this Court. To preserve the disgorgement remedy, Plaintiff seeks a preliminary injunction further restraining defendants' assets, including funds transmitted through payment processors for the platforms on which defendants engage in their illegal activities, during the pendency of this action.

## STATEMENT OF FACTS

On October 11, 2022, Plaintiff filed its Second Amended Complaint (Dkt. #27).

On October 17, 2022, this Court granted Temporary Restraining Order (the "TRO") granting Plaintiff relief, including (1) a temporary injunction; (2) a temporary asset restraint; (3) expedited discovery; and (4) service of process by email. The TRO authorized Plaintiff to provide notice of these proceedings to Defendants by sending an email to the address(es) provided for the Defendants via the third party payment providers (*e.g.*, walmart.com, Paypal, etc.) (the "Platforms").

On November 3, 2022, this Court granted an extension to this TRO through November 14, 2022. In addition, this Court ordered that the Plaintiff shall file the motion for preliminary injunction by November 9, 2022, along with a status report.

Pursuant to the terms of the TRO, Plaintiff has served the Defendants with a copy of the Summons, Complaint (with Exhibits), the TRO, the Motion for Preliminary Injunction, the proposed order, and this Memorandum.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that the Defendants remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this action. As part of the Proposed Preliminary Injunction Order, a copy of which is attached hereto, Plaintiff

2

requests that the Infringing webstores' financial accounts remain frozen until these proceedings have concluded.

## ARGUMENT

**A.     Preliminary Injunction Extending Relief Already Granted in the TRO is Appropriate Under the Circumstances.**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further illegal conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g.*, *True Religion Apparel, Inc., et al. v. Does 1- 100*, No. 1:12-cv-9894 (N.D. Ill. Jan. 15, 2013) (unpublished) (Docket No. 32); *Oakley, Inc. v. Does 1-100*, No. 1:12-cv-9864 (N.D. Ill. Dec. 27, 2012) (unpublished) (Docket No. 23).

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv- 00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See TY, Inc. v. The Jones Group, Inc*., 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court

must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id*. The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id*. (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id*. The greater the movant's likelihood of succeeding on the merits, the less the balancing of harms need be in his favor. *See Eli Lilly & Co. v. Natural Answers, Inc*., 233 F.3d 456, 461 (7th Cir. 2000).

By virtue of this Court's entry of the TRO, the above requirements for entry of a preliminary injunction have been satisfied. The record establishes that through their illegal operations, Defendants have infringed upon Plaintiff's patented design. Thus, plaintiff is entitled to preliminary injunctive relief.

### B.    The Equitable Relief Sought by Plaintiff Remains Appropriate.

This Court has inherent authority to issue injunctive relief . Plaintiff seeks to convert the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based third party institutions remain frozen. Since entry of the TRO, Plaintiff has served the TRO upon third party payment providers that have assisted with identifying and freezing a number of financial accounts linked to the Infringing Websites that are offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants will attempt to move any assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, a preliminary injunction order that requires Defendants' assets to remain frozen for the remainder of the proceedings will preserve the status quo.

Furthermore, as explained in Plaintiff's Memorandum of Law in Support of TRO [Dkt. #12], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See e.g.*, *Monster Energy Co. v. The Partnerships, et al.*, No. 1:15-

4

cv- 09142, at p.5 (N.D. Ill. Oct. 22, 2015) (unpublished). Thus, an order continuing to freeze the Defendants' assets pending the conclusion of this action should be granted.

## CONCLUSION

In view of the foregoing and consistent with established precedent from previous similar cases, Plaintiff respectfully requests that this Court enter a Preliminary Injunction consistent with the terms of the TRO.

DATED November 9, 2022.                              Respectfully submitted,

*/s/* Zhangyuan Ji
Shen Wang (ILND Bar No. 6314224)
Hao Tan (ILND Bar No. 6314119)
Haoyi Chen (*pro hac vice* application to be sought)
Zhangyuan Ji (ILND Bar No. 6336107)
ARCH & LAKE LLP
203 North LaSalle Street
Suite 2100
Chicago, Illinois 60601
636-236-5390 (Shen Wang)
312-375-9408 (Hao Tan)
346-335-9890 (Haoyi Chen)
773-680-9572 (Zhangyuan Ji)
shenwang@archlakelaw.com
haotan@archlakelaw.com
haoyichen@archlakelaw.com
ellen@archlakelaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the  November 9, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Zhangyuan Ji
Zhangyuan Ji
ARCH & LAKE LLP
203 North LaSalle Street
Suite 2100
Chicago, Illinois 60601
773-680-9572
ellen@archlakelaw.com