IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUNZHOU HUANG,<br><br>                         Plaintiff,<br><br>v.<br><br>Partnerships and Unincorporated Associations identified in Schedule A<br><br>                         Defendants. | Case No.: Case No.: 22-cv-00809<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

      Before the Court is Plaintiff Junzhou Huang's ("Plaintiff") *Ex Parte* Motion for Entry of a Preliminary Injunction enjoining Defendants from manufacturing, importing, distributing, offering for sale, or selling unauthorized and unlicensed products, namely the Filter for Pet Fountain that infringe Plaintiff's patented design, U.S. Patent No. D912,763, and for expedited discovery and asset restraint (the "Motion"). The Court, having considered the Motion, and any responses and replies thereto, finds that the Motion should be GRANTED. The Court therefore orders as follows:

      Plaintiff Junzhou Huang's ("Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e- commerce stores operating under the seller aliases identified in the Schedule A of the Second Amended Complaint (Dkts. #27 &28) (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendants Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS

Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered October 17, 2022 (Dkt. #33) (the "TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold infringing products to residents of Illinois.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Accordingly, this Court orders this:

1. Defendants and their officers, affiliates, agents, and employees are hereby temporarily enjoined from:
   a. manufacturing, importing, distributing, offering for sale, or selling the any infringing products, *i.e.*, the Filter for Pet Fountain and any colorable variations thereof (the "Infringing Products");
   b. further infringing U.S. Patent No. D912,763 and damaging Plaintiff's patent rights;

2

    c. otherwise competing unfairly with Plaintiff in any manner;

    d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

    e. using, linking to, transferring, selling, exercising control over, or otherwise owning any account in Walmart or any other online marketplace account (collectively, "Marketplace Account") that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products; and

    f. operating and/or hosting any website or Marketplace Account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of the Infringing Products.

2. Defendants and their officers, affiliates, agents, and employees and any third parties receiving actual notice of this order—including operators of any Marketplace Account and any payment service providers, including any credit card companies, banks, or payment processors such as PayPal—shall, within five (5) business days of receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and things currently in their possession, custody, or control related to:

    a. the identities of and all contact information, including any email addresses, related to Defendants, and any entities having any ownership or control over the Marketplace Account stores operated by Defendants and any other accounts under the operation or control of the individuals operating the foregoing marketplace accounts;

    b. any Marketplace Accounts owned, operated, or controlled by Defendants and their officers, affiliates, agents, and/or employees;

      c.    any and all sales made by the Walmart marketplace accounts listed in EXHIBIT A of the Plaintiff's Original Complaint and any and all Marketplace Accounts identified in response to 2.a. above;

      d.    any and all financial accounts owned, operated, or controlled by the Defendants and/or their officers, affiliates, agents, and/or employees used in conjunction with the sale and/or offering for sale in conjunction with the Infringing Products.

3.    Defendants and any third parties with actual notice shall, within five (5) business days after receipt of such notice disable any and all accounts and or services used by Defendants to market, advertise, sell and/or offer for sale any goods in conjunction with the Infringing Products.

4.    Defendants and their officers, affiliates, agents, and employees shall be temporarily restrained and enjoined from transferring or disposing of any monies or assets until further ordered by this Court.

5.    Any entities with actual notice of this order, including but not limited to any banks, credit card companies, or payment processing companies such as PayPal, shall, within two (2) business days of receipt of this order, identify any and all accounts and/or funds associated with the Marketplace Accounts owned or operated by Defendants, or in response to 2.a. above, restrain and enjoin any accounts and/or funds from being transferred or disposed of until further ordered by this Court, including allowing the transfer of any accounts and/or funds internationally, and provide to Plaintiff information sufficient to show the amounts restrained.

6.    Plaintiff may provide notice of these proceedings by electronically publishing a link to the complaint, this Order and other relevant documents and by sending an e-mail to the e-mail addresses identified and any e-mail addresses provided for Defendants by third parties that includes a link to where the foregoing documents may be accessed. The Clerk of the Court is directed to

issue a single original summons in the name of "The Partnerships and Unincorporated Associations on Schedule "A" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from any online marketplaces or payment processors shall constitute notice reasonably calculated under all circumstances to appraise Defendants of the pendency of this action and afford them the opportunity to present their objections.

7. Plaintiff is authorized to serve expedited discovery under Fed. R. Civ. P. 33, 34, and 36, upon Defendants via e-mail, who shall serve their responses and objections to such discovery within five business days. This expedited discovery is limited to the following:

   a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

   b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendants' Marketplaces Accounts and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Walmart marketplace accounts.

8. That Plaintiff shall deposit with the Court ten thousand U.S. dollars ($10,000.00), either as cash or security bond, which the Court deems sufficient to cover any damages suffered by Defendants as a result of a wrongful restraint hereunder.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff, or on shorter notice as set by this Court.

SO ORDERED.

_____
Hon.
United States District Judge

Dated: