IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUNZHOU HUANG,

    Plaintiff,

v.                                              Case No. 1:22-cv-00809

PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

    Defendants.

**DEFENDANTS JOYBUY, JOYBUY EXPRESS, AND JOYBUY FASHION'S
EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**

Defendants Joybuy, Joybuy Express, and Joybuy Fashion (the "Joybuy Marketplace") move to dissolve the Temporary Restraining Order ("TRO"), entered on October 17, 2022 (Dkt. No. 33), and extended on November 3, 2022 (Dkt. No. 35), obtained by Plaintiff Junzhou Huang ("Plaintiff"). The Joybuy Marketplace seeks relief on an emergency basis because the TRO is currently restraining accounts in excess of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, but the sales of the allegedly infringing products are less than eighty dollars ($80).[1] Even after receiving knowledge of these onerous and overbroad restraints, Plaintiff has insisted on maintaining financial restraints of at least ▉▉▉▉▉. (Ex. A.) The Joybuy Marketplace will suffer severe and immediate harm unless the Court lifts the overbroad financial restraints on an emergency basis.

1.    The Joybuy Marketplace is an online marketplace platform, on which third-party sellers sign-up in order to list and sell a wide variety of goods to the public. (Ex. B,

---

[1] The confidential information in this document and Exhibit A hereto is being redacted in this public version. An unredacted version will be provided to Chambers and to opposing counsel.

1

https://www.walmart.com/seller/988?itemId=2619286&pageName=item.) In this regard, it is similar to Amazon, Ebay, and Walmart. Joybuy's website lists addresses in California and Hong Kong. (Ex. C, https://www.joybuy-us.com/pages/contact-us; Ex. D, https://help.joybuy.com/help/question-59.html). Basic due diligence reveals that the Joybuy Marketplace has a U.S. presence and a formal corporate organization. (Exs. C–D.)

2. Plaintiff obtained the extraordinary remedy of an *ex parte* TRO and asset restraint, without notice, based on misrepresentations regarding the Joybuy Marketplace. Plaintiff alleged that all foreign entities are the same (Dkt. No. 1 at 3–4), that the Joybuy Marketplace could not be served by standard means (Dkt. No. 12-1 at 15–16), that the "[Joybuy] Defendants . . . have no apparent presence in the United States" (*id*. at 15); that the "[Joybuy] Defendants are [part of] an interrelated group of infringers working in active concert" (Dkt. No. 1 at 3); that the Joybuy Marketplace use "[t]actics . . . to conceal their identities and the full scope of their operation" (*id*. at 4); that it is "virtually impossible for Plaintiff to learn [the Joybuy] Defendants' true identities" (*id*.); that the "[Joybuy] Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses" (*id*.); and that the "[Joybuy] Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit" (*id*.). All of this is false with respect to the Joybuy Marketplace. *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 818 (5th Cir. 1989) ("An injunction procured by material misrepresentation may not be sustained."); *see qad. inc. v. ALN Assocs., Inc.*, 974 F.2d 834, 837 (7th Cir. 1992); *B.P.G. Autoland Jeep-Eagle, Inc. v. Chrysler Credit Corp.*, 799 F. Supp. 1250, 1258 (D. Mass. 1992).

3. Plaintiff filed this design patent case on February 14, 2022. (Dkt. No. 1) and filed its *ex parte* motion for a TRO on February 23, 2022 (Dkt No. 12). This Court raised the propriety of Plaintiff's joinder of numerous related defendants on two occasions—first, regarding the 405

defendants in Schedule A on March 1, 2022 (Dkt. No. 16), and second, when Plaintiff "tr[ied] to link the 69 Defendants through a large set of 31 photos" on September 21, 2022 (Dkt. No. 26). *See Estée Lauder Cosms. Ltd. v. P'Ships et al.*, 334 F.R.D. 182, 187–90 (N.D. Ill. 2020) (Chang. J.). The Court's concerns were and are well founded because Plaintiff still has not made a particularized showing of commonality with respect to the Joybuy Marketplace and the other identified defendants.

4. Plaintiff sought and obtained asset restraints over the entirety of the Joybuy Marketplace's accounts at Walmart. These restraints caused more than ▮▮▮▮▮▮▮▮ of assets to be frozen with no advance notice to the Joybuy Marketplace. Although the Court ordered Plaintiff to file a redacted version of the TRO on October 17, 2022, and Plaintiff did not do so, the redacted TRO would have "redact[ed] the name of the [Joybuy] Defendant[s] in the text of the order." (Dkt. No. 32.) Therefore, due to the *ex parte* submissions of sealed or redacted pleadings, the Joybuy Marketplace had no way of identifying this litigation as the cause of the massive restraint imposed against it.

5. Yesterday, November 9, 2022, the Joybuy Marketplace learned that Plaintiff was responsible for freezing its financial accounts. (Ex. A.) Counsel for the Joybuy Marketplace immediately contacted and informed counsel for Plaintiff of the overbroad restraints and further sought an immediate reduction in these restraints while the Joybuy Marketplace investigated Plaintiff's claims. *Id.* Plaintiff initially agreed to lower the restraints to ▮▮▮▮▮, but then later retracted that agreement after the Joybuy Marketplace would not accede to Plaintiff's additional concessions. *Id.* Shortly after midnight this morning, Plaintiff agreed to lower the restraints to ▮▮▮▮▮ without precondition. (*Id.*) Overnight, counsel for the Joybuy Marketplace received the sales information relating to the accused products, which it then produced to Plaintiff. (*Id.*) At 6:30

a.m., counsel for the Joybuy Marketplace requested that Plaintiff agree to dissolve all financial restraints against the Joybuy Marketplace in view of this new information, and requested a response by 9:30 a.m. (*Id.*) Having hearing nothing further from Plaintiff by that time, the Joybuy Marketplace is compelled to seek emergency relief.

6. The Plaintiff has invoked a statutory remedy of disgorgement of profits under 35 U.S.C. § 289. (Dkt. No. 1 at 6.) The Court expressed its concern about restraining assets before judgment in this case given that disgorgement of profits under 35 U.S.C. § 289 is "not a mere common-law equitable claim and thus could allow for pre-judgment restraint" against the defendants," including Joybuy Marketplace. (Dkt. No. 32 (citing *Grupo Mexicano deDesarrollo v. Alliance Bond Fund*, 527 U.S. 308, 331 (1999)).

7. Prejudgment asset restraints are limited to cases seeking equitable relief, where they are narrowly drawn "only to the extent that is needed to secure the equitable remedy." *Deckers Outdoor Corp. v. P'ships, et al.*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013). This is because an asset-freezing prejudgment injunction is a "nuclear weapon[n] of the law" and a powerful vehicle of oppression "susceptible of the grossest abuse." *Grupo Mexicano*, 527 U.S. at 329-330 (cleaned up). The Court correctly noted that the "restraint might be too broad" in the present case. (Dkt. No. 32.) In this case, the alleged sales of the accused products of around $80 are negligible in relation to the ▌▌▌▌▌▌▌ of frozen assets in the Joybuy Marketplace's Walmart accounts. In fact, the original amount frozen was at least ▌▌▌▌▌▌ greater than the total sales.

8. Plaintiff has also invoked a legal remedy of damages under 35 U.S.C. § 284. (Dkt. No. 6.) The asset restraint against the Joybuy Marketplace should dissolved because Plaintiff is seeking monetary damages. *Grupo Mexicano*, 527 U.S. at 333; *Klipsch Grp., Inc. v. Big Box Store*

*Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL 5265727, at *4 (S.D.N.Y. Oct. 24, 2012). Plaintiff has failed to elect between disgorgement of profits and legal damages, in order to seize assets despite minimal sales while preserving its right to recover under the damages statute. Plaintiff cannot have it both ways. Multiple district courts have rejected injunctions in these circumstances. *See, e.g.*, *WowWee Grp. Ltd. v. Meirly*, No. 18-CV-706 (AJN), 2019 WL 1375470, at *11 (S.D.N.Y. Mar. 27, 2019) ("Because Plaintiffs have elected statutory damages . . . there is no basis to continue to maintain an asset freeze designed to facilitate an equitable recovery."); *Tiffany (NJ) LLC v. QI Andrew*, No. 10 CIV. 9471 KPF HBP, 2015 WL 3701602, at *8 (S.D.N.Y. June 15, 2015) ("Tiffany's failure to elect between statutory damages and profits renders the Proposed Default Judgment defective."); *see also* Ex. E, *Chenyan v. P'ships, et al.*, No. 1:20-cv-00220, Dkt. No. 195 (N.D. Ill. Mar. 24, 2021) ("[T]he $175,000 asset restraint per . . . Defendant, based as it was on the availability of legal damages, was not appropriate.").

9.  The restraints cannot exceed the claims under 35 U.S.C. § 289. While no restraint is proper against the Joybuy Marketplace due to its operation as a platform, any asset restraint cannot exceed the sales amounts at issue, which are less than $80 in the present case. More precisely, any asset restraint cannot exceed *the fraction* of $80 attributable to the Joybuy Marketplace's profit.

10. In addition to the accounting of sales totaling less than $80, the Joybuy Marketplace has provided Plaintiff with third-party seller information to Plaintiff, which shows that all sales were made by single third-party seller. The third-party seller may have been authorized to sell by Plaintiff. Plaintiff should pursue its alleged infringement claims, if Plaintiff truly believes that its rights are infringed, and should resolve any authorization issues with that third party rather than the Joybuy Marketplace.

11. In any event, Plaintiff has provided no evidence that the Joybuy Marketplace will abscond with any funds, let alone the nominal profits associated with $80 in sales. Due to the Joybuy Marketplace's visibility and scope of operations as a platform, there is no risk that the Joybuy Marketplace will "hid[e] or transfer[ ] their . . . assets beyond the jurisdiction of this Court" or "attempt to move any assets from any accounts in U.S.-based financial institutions to offshore accounts." (Dkt. No. 36-1 at 2, 4.) Based on these and other misrepresentations by Plaintiff, the Court should dissolve the TRO, if not outright dismiss the case.

12. The Joybuy Marketplace's minimal profits in this case compared the total amount in the Joybuy Marketplace's Walmart accounts establishes that there is no risk of the Joybuy Marketplace lacking sufficient assets. *See, e.g.*, Ex. F, *Peanuts Worldwide LLC v. Jiatingyongpinyouxiangongsi*, No. 1:21-cv-05863, Dkt. No. 69 (N.D. Ill. Jan. 24, 2022) ("Whereas [Defendant] has met its burden of providing documentary proof that all but $59.98 of the funds . . . are not the proceeds of counterfeiting activity . . . . a freeze is not warranted simply to preserve sufficient funds to satisfy whatever money damages award Plaintiff might ultimately obtain from [Defendant].").

13. The Joybuy Marketplace conducts legitimate business as a marketplace platform for a variety of products and third-party sellers. *See, e.g.*, Ex G, *PhD Mktg., Inc. v. Cloud Commerce Sys. Ltd.*, No. 1:15-cv-04702, Dkt. No 49 (N.D. Ill. June 11, 2015) ("The number of sales . . . is relatively small; a restraint on defendant's cash flow, where defendant appears to engage in legitimate transactions, causes a meaningful harm to defendant.").

14. Plaintiff has not established the elements required for a TRO with respect to the Joybuy Marketplace. Moments before this document was to be filed, Plaintiff send a link to download certain pleadings. The Joybuy Marketplace, however, has not had an opportunity to

review the sealed pleadings. Plaintiff's motion should be denied on the basis that the Joybuy Marketplace has not had an opportunity to review key documents, without which it cannot fully defend itself and oppose injunctive relief.

15. In sum, the secret seizure of its entire accounts based on false premises and flimsy evidence has caused significant harm to the Joybuy Marketplace's business and finances. The facts of this case do not withstand the scrutiny required of this "nuclear" remedy, and thus, the asset restraints against the Joybuy Marketplace should be dissolved.

\* \* \* \*

For the reasons set forth herein, the TRO should be dissolved and the asset restraints against the Joybuy Marketplace should be released immediately.

Date: November 10, 2022

    /s/ Nicole E. Kopinski
David M. Airan
Nicole E. Kopinski
WALLACE H, FENG
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700
dairan@leydig.com
nkopinski@leydig.com
wfeng@leydig.com

*Attorneys for Defendants, Joybuy, Joybuy Express, and Joybuy Fashion*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2022, a true and correct copy of the foregoing document was electronically filed through the Court's CM/ECF system with notice of case activity automatically generated and sent electronically to counsel of record.

                                        */s/ Nicole E. Kopinski*
                                        Nicole E. Kopinski
                                        LEYDIG, VOIT & MAYER, LTD.
                                        Two Prudential Plaza, Suite 4900
                                        180 North Stetson Avenue
                                        Chicago, IL 60601
                                        Telephone: (312) 616-5600
                                        Facsimile: (312) 616-5700
                                        nkopinski@leydig.com