# EXHIBIT A

| From: | Airan, David |
|---|---|
| To: | Haoyi Chen |
| Cc: | Kopinski, Nicole; shenwang@archlakelaw.com; HaoTan@archlakelaw.com; ellen@archlakelaw.com; Christopher Fahy; Feng, Wallace |
| Subject: | RE: Huang v. Partnerships and unincorporated Associations Identified in Schedule A, Case No. 1:22-cv-00809 |
| Date: | Thursday, November 10, 2022 6:30:33 AM |
| Attachments: | image001.png |

Mr. Chen:

Given the urgency of this matter, and with respect to the dissolution of the financial restraints, we require your response by 9:30 am (Central). Also, if you have any basis for continuing to seek to freeze ▮▮▮▮ (let alone ▮▮▮▮▮) based on less than $80 in sales of the accused products, please advise.

David

**From:** Kopinski, Nicole <nkopinski@leydig.com>
**Sent:** Thursday, November 10, 2022 6:19 AM
**To:** Haoyi Chen <haoyichen@archlakelaw.com>
**Cc:** shenwang@archlakelaw.com; HaoTan@archlakelaw.com; ellen@archlakelaw.com; Christopher Fahy <christopher@archlakelaw.com>; Airan, David <dairan@leydig.com>; Feng, Wallace <wfeng@leydig.com>
**Subject:** RE: Huang v. Partnerships and unincorporated Associations Identified in Schedule A, Case No. 1:22-cv-00809

**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

Haoyi,

Thank you for contacting Walmart to reduce the asset restraint.

The Joybuy Marketplace has compiled sales and third-party seller data for the accused product. Attached please find a document, bearing Bates number JOYBUY_JH0000001, which contains sales and seller information. This document, and the data it contains, have been designated "Highly Confidential – Attorney's Eyes Only," and should be treated accordingly.

The production document shows *de minimus* sales of only ▮▮▮▮. Any profit by the Joybuy Marketplace would be only a negligible fraction of this amount. Furthermore, we understand that the plaintiff is the sellers' supplier for these accused products, and may have provided authorization for the alleged sales.
In light of this, there is no further basis for **any** asset restraint over the Joybuy Marketplace's Walmart account. Please contact Walmart to release the full asset restraint.

In addition, please provide us with copies of all sealed documents, including for example Dkt. Nos. 3–5, 18–19, and 28–30, and any other sealed documents and exhibits. We require these documents to fully develop the Joybuy Marketplace's claims and defenses, including a motion to dissolve the TRO

and/or to oppose the preliminary injunction, as well as any other remedies and recovery available to the Joybuy Marketplace due to Plaintiff's wrongful restraints.

Thank you,
Nicole

**Nicole E. Kopinski**
**Leydig, Voit & Mayer, Ltd.**
Intellectual Property | Registered Patent Attorney
Two Prudential Plaza, Suite 4900 | 180 North Stetson Avenue | Chicago, IL 60601-6745
(312) 616-5624 – Direct | (312) 616-5600 – Main | (312) 616-5700 – Facsimile
nkopinski@leydig.com | www.leydig.com

---

**From:** Haoyi Chen <haoyichen@archlakelaw.com>
**Sent:** Thursday, November 10, 2022 12:28 AM
**To:** Kopinski, Nicole <nkopinski@leydig.com>
**Cc:** shenwang@archlakelaw.com; HaoTan@archlakelaw.com; ellen@archlakelaw.com; Airan, David <dairan@leydig.com>; Feng, Wallace <wfeng@leydig.com>; Christopher Fahy <christopher@archlakelaw.com>
**Subject:** Re: Huang v. Partnerships and unincorporated Associations Identified in Schedule A, Case No. 1:22-cv-00809

**[External Email]**

Nicole, although we have disagreements over the agreement that we reached during our conference call. It is not the plaintiff's intention to cause harm to Joybuy's business that is unrelated to this lawsuit. Therefore, after consulting with our client, we agree to instruct Walmart on the ███████ restraint, subject to Walmart's compliance on our email request. Thank you.



*Arch & Lake* LLP
Haoyi Chen PhD JD / Partner
haoyichen@archlakelaw.com
Arch & Lake LLP
2500 Wilcrest, Suite 301
Houston, Texas, 77042
Phone: 346-335-9890
Fax: 312-614-1873

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Wed, Nov 9, 2022 at 9:39 PM Kopinski, Nicole <nkopinski@leydig.com> wrote:

Haoyi:

As you acknowledged today, Plaintiff is aware that it has caused restraints in excess of ▇▇▇▇ of the Joybuy Marketplace's assets. Judge Chang initially and only reluctantly allowed these financial restraints because he was under the impression, based on your *ex parte* and secret submission, that they were related to Plaintiff's claim under 35 U.S.C. Section 289 and that the restrained parties "likely would seek to transfer the money elsewhere." (Dkt. No. 32.) Neither is true with respect to Joybuy. The accounts frozen at your request cover a multitude of products that are completely unrelated to your assertions of infringement under Section 298, and there is no basis whatsoever to assert that the Joybuy parties will transfer elsewhere the money actually relating to the accused products.

We contacted you today, which is when we first learned that your client was responsible for restraining these assets, with a reasonable expectation that Plaintiff would recognize the overbreadth of the financial restraints and would voluntarily agree to immediately reduce them. Although the parties initially agreed that Plaintiff would instruct Walmart to limit the restraints to ▇▇▇▇ (which by itself is a ridiculously overbroad amount) as a matter of expediency only, you subsequently retracted that agreement in an attempt to extract further concessions.

We now have no choice but to seek emergency relief as soon as we can be heard by Judge Chang tomorrow. We also intend to explain to the Court your refusal to take immediate action, your inability to justify the asset restraints relating to products that are not accused of infringement, and your attempt to tether the restraint to an "authority to negotiate."

We will let you know the time of the hearing once we hear from chambers.

Regards,
Nicole

**Nicole E. Kopinski**
**Leydig, Voit & Mayer, Ltd.**
Intellectual Property | Registered Patent Attorney
Two Prudential Plaza, Suite 4900 | 180 North Stetson Avenue | Chicago, IL 60601-6745
(312) 616-5624 – Direct | (312) 616-5600 – Main | (312) 616-5700 – Facsimile
nkopinski@leydig.com | www.leydig.com

---

**From:** Haoyi Chen <haoyichen@archlakelaw.com>
**Sent:** Wednesday, November 9, 2022 8:18 PM
**To:** Kopinski, Nicole <nkopinski@leydig.com>
**Cc:** shenwang@archlakelaw.com; HaoTan@archlakelaw.com; ellen@archlakelaw.com; Airan, David <dairan@leydig.com>; Feng, Wallace <wfeng@leydig.com>; Christopher Fahy <christopher@archlakelaw.com>
**Subject:** Re: Huang v. Partnerships and unincorporated Associations Identified in Schedule A, Case No. 1:22-cv-00809

**[External Email]**

Nicole, please forward me with your sale data, and we may schedule a conference call tomorrow if you are fully authorized to negotiate by your client. Thank you.



**Haoyi Chen PhD JD / Partner**
haoyichen@archlakelaw.com
Arch & Lake LLP
2500 Wilcrest, Suite 301
Houston, Texas, 77042
Phone: 346-335-9890
Fax: 312-614-1873

**CONFIDENTIALITY NOTICE:** This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Wed, Nov 9, 2022 at 6:56 PM Kopinski, Nicole <nkopinski@leydig.com> wrote:

> Haoyi,
>
> Please call me so that we can discuss this further.  I do not believe there is any misunderstanding, but please contact me to confirm.
>
> Thank you,
> Nicole Kopinski
>
> **Nicole E. Kopinski**
> **Leydig, Voit & Mayer, Ltd.**
> Intellectual Property | Registered Patent Attorney
> Two Prudential Plaza, Suite 4900 | 180 North Stetson Avenue | Chicago, IL 60601-6745
> (312) 616-5624 – Direct | (312) 616-5600 – Main | (312) 616-5700 – Facsimile
> nkopinski@leydig.com | www.leydig.com
>
> ---
>
> **From:** Haoyi Chen <haoyichen@archlakelaw.com>
> **Sent:** Wednesday, November 9, 2022 6:47 PM
> **To:** Kopinski, Nicole <nkopinski@leydig.com>
> **Cc:** shenwang@archlakelaw.com; HaoTan@archlakelaw.com; ellen@archlakelaw.com; Airan, David <dairan@leydig.com>; Feng, Wallace <wfeng@leydig.com>
> **Subject:** Re: Huang v. Partnerships and unincorporated Associations Identified in Schedule A, Case No. 1:22-cv-00809
>
> **[External Email]**
>
> Nicole. I thought we had agreements on each and every point  stated in my last emails, including but not limited to, the capped amounts and the modified order to be filed. Since

now we have different opinions on how and why the capped amount would work. <mark>I have no other option but recall my email to Walmart</mark> until we have a clear and mutual understanding on every issues. Thank you.



Haoyi Chen PhD JD / Partner
haoyichen@archlakelaw.com
Arch & Lake LLP
2500 Wilcrest, Suite 301
Houston, Texas, 77042
Phone: 346-335-9890
Fax: 312-614-1873

**CONFIDENTIALITY NOTICE:** This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Wed, Nov 9, 2022 at 6:33 PM Kopinski, Nicole <nkopinski@leydig.com> wrote:

Haoyi,

Thank you for speaking with me today and for reaching out to Walmart to reduce the asset restraint as a means of mitigating the damages to the Joybuy Marketplace due to the overbroad restraint of the entirety of its accounts at Walmart.com. We confirm that our firm represents Joybuy, Joybuy Express, and Joybuy Fashion (collectively, "Joybuy Marketplace"). As I explained during our call, the Joybuy Marketplace is a platform that does not make or sell any accused products. The Joybuy Marketplace facilitates sales of a wide range of products, accessible through Walmart.com, from a variety of third-party merchants.

We agree that capping the maximum restraint today is a reasonable way to immediately reduce the harm to the Joybuy Marketplace under the current situation where its accounts are entirely frozen. As I stated during our call, however, we do not concede that any amount of restraint is proper against the Joybuy Marketplace, so we cannot concede that the collective ▮▮▮▮▮▮ restraint is "fair and reasonable." This is particularly true where Plaintiff is seeking a money damages in a patent case. Furthermore, we reject any attempt to tie this reduced restraint to any amount at issue in this litigation.

In addition, we note that your email to Walmart noted that "[t]he parties will enter a modified order reflecting these capped amounts." As I noted during our call, we do not believe that a modified order is necessary given our expectation that Walmart will modify the restrained amount based on Plaintiff's instruction. The Joybuy Marketplace cannot join Plaintiff in entering an agreed order, because Joybuy does not concede that an assert restraint in any amount is proper against it in the first place. Therefore, if any order is needed, we propose the Plaintiff file an order allowing Plaintiff to communicate with third-parties such as Walmart to modify restraints without leave of the Court.

Finally, as discussed, we just became aware of this litigation today and have not completed our investigation. We are working with our client to obtain sales and seller information for the accused products.

Thank you,
Regards,
Nicole

**Nicole E. Kopinski**
**Leydig, Voit & Mayer, Ltd.**
Intellectual Property | Registered Patent Attorney
Two Prudential Plaza, Suite 4900 | 180 North Stetson Avenue | Chicago, IL 60601-6745
(312) 616-5624 – Direct | (312) 616-5600 – Main | (312) 616-5700 – Facsimile
nkopinski@leydig.com | www.leydig.com

**From:** Haoyi Chen <haoyichen@archlakelaw.com>
**Sent:** Wednesday, November 9, 2022 5:34 PM
**To:** Kopinski, Nicole <nkopinski@leydig.com>
**Cc:** shenwang@archlakelaw.com; HaoTan@archlakelaw.com; ellen@archlakelaw.com; Airan, David <dairan@leydig.com>; Feng, Wallace <wfeng@leydig.com>
**Subject:** Re: Huang v. Partnerships and unincorporated Associations Identified in Schedule A, Case No. 1:22-cv-00809

[External Email]

Nicole, My understanding is that you represent Joybuy Express, Joybuy, and Joybuy Fashion (with their Wlarmartpartner ▮▮▮▮▮, ▮▮▮▮▮▮, respectively) that may be collectively referred as "Joybuy". Plaintiff and Joybuy now agree to modify the asset freeze order by capping the maximum amount restrained in Joybuy's Walmart accounts (as followed) to ▮▮▮▮▮, jointly. Both parties agree that this maximum capping of the restrained amounts is fair and reasonable under the current situation, and pave a way for an amicable resolution between the parties. The two parties agree to timely email Walmart regarding said mutually agreed amounts and instruct Walmart to cap the restrained balances, and are willing to enter an modified TRO/PI reflecting the maximum capping to the Court. Thank you.



Haoyi Chen PhD JD / Partner
haoyichen@archlakelaw.com
Arch & Lake LLP
2500 Wilcrest, Suite 301
Houston, Texas, 77042
Phone: 346-335-9890

Fax: 312-614-1873

**CONFIDENTIALITY NOTICE:** This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

On Wed, Nov 9, 2022 at 5:09 PM Kopinski, Nicole <nkopinski@leydig.com> wrote:

Mr. Chen,

Please see my contact information below.

Thank you,
Regards,
Nicole Kopinski

**Nicole E. Kopinski**
**Leydig, Voit & Mayer, Ltd.**
Intellectual Property | Registered Patent Attorney
Two Prudential Plaza, Suite 4900 | 180 North Stetson Avenue | Chicago, IL 60601-6745
(312) 616-5624 – Direct | (312) 616-5600 – Main | (312) 616-5700 – Facsimile
nkopinski@leydig.com | www.leydig.com

**Leydig**

The information contained in this communication is confidential and may contain information that is privileged and/or exempt from disclosure under applicable law.  If you have received this communication in error, please notify me immediately and delete the original and all copies of this communication.  Thank you.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.