# **EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUN CHENYAN,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | No. 20-cv-00220<br><br>Judge John F. Kness |

## ORDER

The motion for reconsideration (Dkt. 168) filed by the entities referred to as the Sherinian Defendants is granted. Plaintiff's motion to strike (Dkt. 181) is denied. Counsel for Plaintiff and the Sherinian Defendants must confer on a proposed, revised preliminary injunction order consistent with the relief described below and must submit a draft (agreed or otherwise) on or before April 2, 2021. See accompanying Statement for details.

## STATEMENT

### I.    BACKGROUND

In response to the October 14, 2020 Order denying in part and granting in part Plaintiff's motion to extend the preliminary injunction against the Sherinian Defendants (Dkt. 166), the Sherinian Defendants filed a motion to reconsider the Court's entry of an asset restraint. In its October 14 Order, the Court entered an asset restraint against the Sherinian Defendants relating to Plaintiff's copyright infringement claim. The Court held that Plaintiff may be able to recover up to $150,000 in statutory damages for the Sherinian Defendants' conduct and $25,000 in reasonable attorney's fees. Accordingly, the Court found that a $175,000 asset restraint was reasonable and appropriate.

In their motion to reconsider, the Sherinian Defendants argue that a Court may only freeze a Defendant's assets if a plaintiff presents a cognizable claim in equity and the asset freeze is related to the equitable claim. (Dkt. 168 at 1.) In support, the Sherinian Defendants cite *Grupo Mexicano de Desarrolla v. Alliance*

*Bond Fund*, 527 U.S. 308 (1999), where the Supreme Court concluded that a district court is not permitted to freeze a defendant's assets solely to preserve a plaintiff's right to recover monetary damages. The Sherinian Defendants contend that because the Court's order entered an asset restraint based on Plaintiff's potential statutory damages and attorney's fees—which are monetary remedies not related to Plaintiff's equitable claim—the asset restraint is unlawful.

As explained below, the Court agrees that it erred in imposing an asset restraint based upon the potential availability of remedies at law. Accordingly, the Court grants the motion for reconsideration and reduces the asset restraint to $1,000 per account owned by the Sherinian Defendants.

## II. LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). As a result, the Court has the "discretionary authority" to reconsider an interlocutory order. *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012); *see also Chicago Reg'l Council of Carpenters v. Prate Installations, Inc.*, No. 10-cv-5431, 2011 WL 2469820, at *1 (N.D. Ill. June 20, 2011) ("under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because the Court may revise such orders at any time before entering final judgment") (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)). Motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015).

A district court is not permitted to freeze a defendant's assets solely to preserve a plaintiff's right to recover monetary damages. *Grupo Mexicano*, 527 U.S. at 333; *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). But a restraint on assets is still proper if a suit seeks equitable relief. *Grupo Mexicano*, 527 U.S. at 333; *CSC Holdings, Inc.*, 309 F.3d at 996. Indeed, the logic behind a prejudgment asset freeze is the maintenance of the status quo pending adjudication of a claim. *Tiffany (NJ) LLC v. QI Andrew,* No. 10-cv-9471, 2015 WL 3701602, at *12 (S.D.N.Y. June 15, 2015). A district court may enjoin the disposition of assets pending judgment only to the extent that an injunction is a reasonable measure to preserve the status quo pending final determination of an equitable claim. *Paradigm BioDevices, Inc. v. Centinel Spine, Inc.*, No. 11-cv-3489, 2013 WL 1915330, at *4 (S.D.N.Y. May 9, 2013). It follows that, to the extent any injunction is warranted, it must be limited to the assets that were derived from infringing conduct. *Paradigm*, 2013 WL 1915330 at *4. A plaintiff must, therefore, both meet all of the elements for a preliminary injunction *and* seek relief that is equitable in nature to warrant a restraint on a defendant's assets. *CSC Holdings, Inc.*, 309 F.3d at 996 (upholding an asset restraint where the

2

plaintiff sought an "accounting and profits remedy" because the remedy was "equitable in nature and imposes a constructive trust on the defendant.")

## III. DISCUSSION

### A. The Court's Preliminary Injunction Order

In its ruling on Plaintiff's motion to extend the preliminary injunction against the Sherinian Defendants (Dkt. 166), the Court found there was insufficient evidence to maintain a preliminary injunction against the Sherinian Defendants for trademark infringement. Conversely, the Court found, and the Sherinian Defendants conceded, that there was a high likelihood Plaintiff would succeed on her copyright claim. As a result, the Court entered a continued preliminary injunction and asset restraint against the Sherinian Defendants as to the copyright claim only.

Before its preliminary injunction order, the Court provided Plaintiff multiple opportunities to present evidence to support a continued preliminary injunction for its trademark claims against the Sherinian Defendants. Instead, Plaintiff admitted she did not have any direct evidence of trademark infringement against the Sherinian Defendants (6/26/2020 Transcript 34:19-35:8) ("[N]ot one of them [the Sherinian Defendants] is one of the many that we've placed on record that has a trademark that's discernible") and presented limited and speculative evidence in support of her theory of joint and several liability for trademark infringement. Plaintiff argued that the Sherinian Defendants were part of a larger trademark infringement scheme that supported an indirect finding of liability for each defendant based on the conduct of other parties. But the Court found that Plaintiff failed to support that argument with sufficient evidence.[1] In fact, the Sherinian Defendants were the only ones to present evidence at the full-day evidentiary hearing, through testimony from the Sherinian Defendant store owner Zhina Chen. Plaintiff's evidence was not enough to show a likelihood of success on the merits for either direct trademark infringement or joint and several liability for trademark infringement. As a result, the Court refused to keep the preliminary injunction in place for Plaintiff's trademark claim against the Sherinian Defendants.[2]

---

[1] Plaintiff's joint and several liability theory was addressed in the Court's October 14 Order (Dkt. 166 at 6-10.)

[2] In considering the other factors of the preliminary injunction analysis, the Court assumed, based on the strong presumption under Seventh Circuit precedent, that Plaintiff would be able to make an adequate showing of both irreparable harm and lack of an adequate remedy. But the Court found that the potential harm to the Sherinian Defendants if the preliminary injunction remained in place was significant. This finding, combined with Plaintiff's inability to point to any evidence that suggested the funds currently restrained were actually assets of other Defendants, pushed the sliding scale in favor of the Sherinian Defendants.

3

In the same order, the Court also assessed Plaintiff's copyright infringement claim against the Sherinian Defendants. Although they conceded that Plaintiff was likely to succeed on the merits of her copyright claim, the Sherinian Defendants disputed the amount of damages Plaintiff could recover from her copyright claim. More specifically, the Sherinian Defendants argued that Plaintiff's potential damages would be limited because actual damages for a copyright claim are historically difficult to ascertain. In contrast, Plaintiff contended that her damages were not as limited as the Sherinian Defendants suggested and asked the Court to enter an asset restraint to protect the status quo. Because the Sherinian Defendants admitted Plaintiff had a successful copyright infringement claim, Plaintiff was entitled to an injunction that included an asset restraint. In calculating the amount of the asset restraint, the Court considered Chen's admission that she downloaded a total of five infringing photographs of Plaintiff's wedding shoes. This led the Court to find Plaintiff had a possibility of recovering $150,000 in statutory damages ($30,000 per infringing photograph). This amount, combined with a reasonable attorney's fee of $25,000, resulted in a $175,000 asset restraint.

### B.    Legal Remedies Cannot Support a Preliminary Asset Restraint

As explained above, a district court cannot freeze a defendant's assets solely to preserve a plaintiff's right to recover statutory damages. *Grupo Mexicano,* 527 U.S. at 333; *CSC Holdings, Inc.*, 309 F.3d at 996. Despite this clear rule, however, the Court based the existing asset restraint in significant part on the availability of potential legal remedies. Because the Court did not base the asset restraint solely on available equitable remedies, the Court committed an error of law. Accordingly, the $175,000 restraint, as currently constituted, is improper.

Plaintiff contends that, despite the controlling law of *Grupo Mexicano* and *CSC Holdings,* the asset restraint is still proper. Plaintiff presents three arguments in support: *first*, because the Sherinian Defendants did not include the point in their previous briefs, they waived the argument that the asset freeze cannot be based on statutory damages. This misconstrues the record, however; the Sherinian Defendants have consistently suggested that any asset restraint should be limited to the amount potentially available from equitable remedies. (Dkt. 94 at 9.) It was only when the Court explicitly based the asset restraint largely on the availability of statutory damages that the Sherinian Defendants were required to address the issue directly. In any event, even if the waiver doctrine could be applied, the Court exercises its discretion to consider the Sherinian Defendants' argument at this juncture. *See, e.g.*, *Dickman v. Astrue*, No. 08-cv-898, 2009 WL 1107807 at *8 n.9 (E.D. Wis. Apr. 23, 2009).

*Second*, Plaintiff argues that other district courts have granted asset restraints that are unlimited in scope based on a plaintiffs' request for statutory damages. But the case Plaintiff cites, *H-D U.S.A., LLC v. The Partnership*, No. 20-cv-04596, Dkt. 38

4

(Sept. 11, 2020), involved nonappearing parties and a viable claim for equitable relief. Given that fact, and in view of the comparatively limited factual record, the court adopted the unrefuted allegations by the *H-D U.S.A.* plaintiff and entered an injunction accordingly. In this case, however, the preliminary injunction is challenged by the Defendants, and the factual record is more fully developed—and shows that the potential equitable relief is limited.

*Third*, and finally, Plaintiff attempts to rehash her own arguments from her original preliminary injunction motion. But the Court already evaluated these arguments, rejected them, and sees no reason to revisit its ruling.

==It is clear, therefore, that the $175,000 asset restraint per Sherinian Defendant, based as it was on the availability of legal damages, was not appropriate;== that begs the question whether any restraint should remain, and if so, in what amount. A district court may enjoin the disposition of assets pending judgment only to the extent that an injunction is a reasonable measure to preserve the status quo pending final determination of an equitable claim. *Paradigm BioDevices*, 2013 WL 1915330 at *4. It follows that, to the extent any injunction is warranted, it must be limited to the assets that were derived from infringing conduct. *Id.* There is no hard and fast rule governing this determination, except "that an accounting for profits by an infringer must be determined as fairly and as accurately as the circumstances of the case will permit." *Jonette Jewelry Co. v. Weiman Co.*, No. 90 C 0172, 1991 WL 65829, at *4–5 (N.D. Ill. Apr. 25, 1991). Once a plaintiff submits evidence of actual and projected sales, the burden shifts to the defendant to submit evidence of what part of the sales are attributable to costs and expenses. *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 568 (7th Cir. 2003). Here, because Plaintiff submitted evidence of the sales of shoes by the Sherinian Defendants through Wish.com documents (Dkt. 27), the burden now shifts to the Sherinian Defendants to submit evidence showing that some or all of the sales revenue was not attributable to copyright infringement.

With all this in mind, the Court finds a limited asset restraint is still appropriate, at this preliminary stage, based on Plaintiff's copyright infringement claim. Plaintiff presented evidence that overseas stores like the Sherinian Defendants have a pattern of infringing conduct and historically are difficult to locate or contact. (Dkt. 49 at 5-6.) Ensuring that at least some funds will be available to satisfy any award based on an accounting of profits is thus supported by evidence. As to the proper amount, Plaintiff submitted revenue evidence from Wish.com that showed the total sales revenue of the wedding shoes by all of the Sherinian Defendants amounted to $87.42—a modest amount, to be sure. (Dkt. 27.) But at a previous hearing, counsel for the Sherinian Defendants suggested that an asset restraint of $1,000 per Sherinian entity would be appropriate. (8/6/2020 Transcript, 113:9-11.) Based on the available evidence, as well as the concession of the Sherinian

5

Defendants, the Court finds that $1,000 per Sherinian entity is sufficient to protect Plaintiff's potential equitable recovery against the Sherinian Defendants.

### C. Plaintiff's Motion to Strike

Finally, Plaintiff's motion to strike (Dkt. 181) is denied. Plaintiff asks the Court to strike all filings "made by Sherinian on behalf of Zhina Chen" because she is a "third party who is not a defendant in this case." (Dkt. 181 at 7.) Plaintiff's argument, however, is not supported by the law she cites. For example, Plaintiff cites *Rubin v. Islamic Republic of Iran*, No. 03-cv-9370, 2008 WL 2531197, at *1 (N.D. Ill. June 25, 2008) for the proposition that the only document a nonparty (Chen, according to Plaintiff) may file without previous approval is a motion to intervene. But *Rubin* involved entities who, without filing appearances, moved to dismiss the case. *Rubin*, 2008 WL 2531197 at *1; *see also Hines v. Save-a-Lot/Supervalu*, No. 06-cv-490, 2007 WL 1317132, at *2 (N.D. Ill. May 3, 2007) (corporate entity not named as defendant improperly attempted to litigate case). In this case, however, Chen attested that she is the owner of the Sherinian Stores, the Court made a preliminary finding to that effect (Dkt. 184 at 1), Chen hired the Sherinian law firm to represent the Sherinian Defendants (Dkt. 184 at 1-2), and the filings before the Court were presented on behalf of the Sherinian Defendants. Accordingly, Plaintiff's motion to strike is denied.

## IV. CONCLUSION

For the foregoing reasons, the motion for reconsideration (Dkt. 168) is granted. Plaintiff's motion to strike (Dkt. 181) is denied.

SO ORDERED in No. 20-cv-00220.

Date: March 24, 2021

JOHN F. KNESS
United States District Judge