IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUNZHOU HUANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 CV 00809 |
| | ) | |
| PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | ) | Chicago, Illinois |
| | ) | November 10, 2022 |
| Defendants. | ) | 4:30 p.m. |

TRANSCRIPT OF TELEPHONIC PROCEEDINGS
BEFORE THE HONORABLE EDMOND E. CHANG

APPEARANCES TELEPHONICALLY:

For the Plaintiff: ARCH & LAKE, LLP
BY: MR. SHEN WANG
MR. HAOYI CHEN
203 North LaSalle Street
Suite 2100
Chicago, Illinois 60601
(636) 236-5390
shenwang@archlakelaw.com

For the Joybuy Defendants: LEYDIG VOIT & MAYER, LTD.
BY: MS. NICOLE E. KOPINSKI
MR. WALLACE H. FENG
MR. DAVID M. AIRAN
180 North Stetson Avenue
Suite 4900
Chicago, Illinois 60601
(312) 616-5600
wfeng@leydig.com

**FAILURE TO IDENTIFY ONESELF EACH TIME WHEN SPEAKING MAY RESULT IN IMPROPER SPEAKER IDENTIFICATION**

Court Reporter: Judith A. Walsh, CSR, RDR, F/CRR
Official Court Reporter
219 South Dearborn Street, Room 2118
Chicago, Illinois 60604
(312) 702-8865
judith_walsh@ilnd.uscourts.gov

(Proceedings heard telephonically:)

THE CLERK: The United States District Court for the Northern District of Illinois is now in session, the Honorable Edmond E. Chang presiding.

22 C 809, Huang versus The Partnerships and Unincorporated Associations.

THE COURT: Good afternoon, everyone. This is Judge Chang. For this phone hearing, I'll prompt for appearances. First, counsel for the plaintiffs.

MR. WANG: Yes, your Honor. This is Shen Wang from Arch Lake. I have my colleague Haoyi Chen with me on the line.

THE COURT: Okay. Good afternoon.

And then for the defendants Joybuy, Joybuy Express, and Joybuy Fashion.

MS. KOPINSKI: Your Honor, Nicole Kopinski of Leydig Voit & Mayer, and with me on the line is David Airan and Wallace Feng.

THE COURT: All right. Good afternoon to you as well.

We're here on the defendants' motion to dissolve the TRO. And let me just try to focus the hearing. And I'll ask Mr. Wang in particular for the plaintiff to respond to the idea that the TRO is no longer necessary because there really is not a risk of the assets being moved which is one of the

premises for -- or one of the necessary premises for the TRO. So please respond to that.

MS. KOPINSKI: Your Honor, if I may, Nicole Kopinski --

THE COURT: Yes.

MS. KOPINSKI: -- for the Joybuy Marketplace.

The parties had an opportunity to speak shortly before this hearing. This is the Joybuy Marketplace's motion. And we understand that Joybuy was originally a party but was dropped from the amended complaint. The TRO and the asset freeze then does not actually apply to Joybuy. So we understand that this motion is moot.

Plaintiff erroneously instructed Walmart to freeze Joybuy's account, and plaintiff has agreed to immediately instruct Walmart to unfreeze all of the Joybuy Marketplace's accounts at Walmart.

THE COURT: Mr. Wang, is that correct?

MR. WANG: Yes, your Honor, it is correct. What happened was when we had the TRO we, you know, instruct Walmart to comply with the court order. And somehow, you know, Walmart, you know, freeze the whole Joybuy account which is not our intention. So after meeting and conferring with the other party, we have already instructed Walmart to unfreeze the Joybuy account as of now.

THE COURT: So let me just understand. The TRO that

is actually on the docket -- let me look at the schedule.

Okay. So when I look at the Schedule A that is attached to the second amended complaint which is the narrowed number of defendants that was permitted to proceed forward in this case, yes, Joybuy is not on that list.

So when you, Mr. Wang, communicated with Walmart about this TRO in particular, did you ask Walmart to freeze Joybuy's accounts?

MR. WANG: We did not, your Honor. So what happened was that we asked Walmart to comply with the court order. And they asked us to provide the merchant ID. What happened, you know, we have a list of the sellers. So we go to one of the sellers. We find the merchant ID of that seller. We send to Walmart. And somehow, Walmart freezed the Joybuy account. We just -- this just came to our attention yesterday when Nicole called us.

THE COURT: Okay. So the merchant ID that you sent to Walmart was not the merchant ID of Joybuy?

MR. WANG: We -- we do not know what that merchant ID is, but we obtained the merchant ID from a seller, I mean, listed in the Schedule A. And that's what happened.

So my understanding is after we did a little bit digging and without excessive investigation, it appears to be, you know, everybody sell in the marketplace has only one ID. So in order to freeze any one of those seller accounts,

Walmart has to freeze, you know, the account for Joybuy which ultimately freeze everybody.

THE COURT: And, okay, so was Joybuy part of the original Schedule A?

MR. WANG: Was -- I need to have my colleague -- go ahead.

MS. KOPINSKI: Your Honor, we received some of the sealed pleadings today including the original Schedule A and, yes, the Joybuy Marketplace defendants were listed on Schedule A. In addition, yesterday plaintiff attempted to serve the Joybuy Marketplace defendant with the amended complaint.

So it was our understanding that the account was frozen and instructions were made from plaintiffs to Walmart to freeze Joybuy's accounts in their entirety.

MR. WANG: No, that's --

UNIDENTIFIED SPEAKER: No, that is not --

UNIDENTIFIED SPEAKER: Apparently --

MS. KOPINSKI: If I may, your Honor.

THE COURT: One moment.

MS. KOPINSKI: Again, this was an error based on our discussion with plaintiff's counsel.

THE COURT: That's fine. So let me -- I don't want to waste, you know, additional time given that there is an agreement that the TRO does not apply to these defendants and that the plaintiff has or will immediately instruct Walmart to

lift the freeze. What I do want to find out -- and so Joybuy can parachute out of the case. And by the way, you ought to just file on CM/ECF -- actually, no, you don't have to do it.

So we will in a docket entry direct the clerk's office to terminate Joybuy, Joybuy Express, and Joybuy Fashion as named defendants in this case. So you can parachute out of the case. That's fine.

Mr. Wang, I do want a -- call it a status report on asset freeze.

MR. WANG: Correct. We can --

THE COURT: Yes, so file by December 5 an explanation of how this came about. And if you need to confer with Walmart more on that, then you can, but I do want to figure out how this happened.

And so this is one of the issues, by the way, with these massive joinder cases and how difficult it is to manage them and which is why both the text and the purpose of Rule 20 is not met when there is these massive cases where it is infinitely more difficult for the court to take the fine-toothed comb that we typically take to our TRO orders given that they are ex parte when there are still multiple, multiple defendants.

And now, yes, in this case it has now been narrowed down some, but it obviously started with 405. And if our TRO orders need to be more refined so that accountholders like

Walmart know that the court is not intent on freezing the asset accounts in a blunt way and that if somehow Walmart cannot freeze specific accounts but ends up freezing a larger block of accounts, then that's the kind of thing that we need to know and need to know immediately so that on the back end, we can fix the problem and then on the front end that it doesn't happen, period.

And so I will, you know, await the December 5th filing to just see exactly how this happened. And I do expect that exhibits and so on proving what happened will be attached so that I gain an understanding on this.

MR. WANG: Yes. Your Honor, that -- sorry about that.

THE COURT: The motion to dissolve is terminated without prejudice in light of the fact that it's not needed. And the motion to seal which is docket entry 42 is granted in light of the fact it actually ended up not being the basis for judicial decision making. And so we'll terminate both 40 and 42. And the motion to seal was 43, and that's granted.

Okay. Mr. Wang, is there anything else? I will be looking at the preliminary injunction motion. I was going to direct you to make doubly sure that it did not include Joybuy if I were to vacate the TRO as to Joybuy, but that's not necessary anymore.

Is there anything else, Mr. Wang, for the record?

MR. WANG: Not really, your Honor. You know, this is never -- let me just make it clear. Joybuy was never been a party and not our intention to freeze Joybuy's account but somehow -- yes, we will put that in the report.

THE COURT: Yeah, and I don't -- I'm not nor do -- I think the defendants are not accusing you of doing that out of intentionality. But looking at the email traffic back and forth as well, it's the fact that an inadvertent problem like this can arise, I do think it's sourced back to joinder. And so I continue to have grave doubts about joining this many defendants and then putting this kind of burden on third parties, and I continue to raise them. So I do want that detailed explanation.

And again, it's not about intentionality. It's just that these cases get so difficult to manage that -- yes, they get so difficult to manage that these inadvertent problems can have drastic consequences.

Okay. Anything else, Ms. Kopinski?

MS. KOPINSKI: No, your Honor. Thank you.

THE COURT: All right. We are adjourned. Thank you.

(Proceedings adjourned at 4:42 p.m.)

C E R T I F I C A T E

I, Judith A. Walsh, do hereby certify that the foregoing is a complete, true, and accurate transcript of the telephonic proceedings had in the above-entitled case before the Honorable EDMOND E. CHANG, one of the judges of said court, at Chicago, Illinois, on November 10, 2022.

*/s/ Judith A. Walsh, CSR, RDR, F/CRR*______ December 1, 2022

Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division