# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Junzhou Huang, ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-00809 |
| ) | |
| v. ) | Judge Edmond E. Chang |
| ) | |
| The Partnerships and Unincorporated ) | Magistrate Judge Heather K. McShain |
| Associations Identified on Schedule A ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO AMEND ANSWER AND TO EXPEDITE DISCOVERY AS TO DAMAGES

Defendants Nos. 1 and 2, Orchid Trade, Inc., identified on Schedule A as "Da Boom" and "Magazine" and defendant no. 8, Creator Trade Inc., identified on Schedule A as "Angmile", ('Defendants' hereinafter), by and through the undersigned counsel, hereby move to amend their Answer (D.E. 59) and to expedite discovery with respect to damages, and in support thereof state as follows:

**I.      INTRODUCTION**

1. Plaintiff filed its Second Amended Complaint on October 11, 2022 (D.E. 27).

2. Defendants filed their Answer to the Second Amended Complaint on February 8, 2023 (D.E. 59).

3. Thereafter, the parties exchanged Rule 26(a)(1) disclosures on May 8, 2023. Plaintiff's Rule 26(a)(1) disclosure is attached hereto as Exhibit 1 (hereinafter "Plaintiff's Disclosure").

4. After consideration and review of Plaintiff's Disclosure, Defendants are prepared to admit liability in this matter and request leave to file their Amended Answer to Plaintiff's Second Amended Complaint. (Proposed Amended Answer attached hereto as Exhibit 2).

5. Defendants also request an expedited discovery schedule limited to the issue of damages and a date certain for a hearing limited to the issue of damages.

6. Defendants' counsel have contacted Plaintiff's counsel via e-mail regarding the *instant* Motion on May 19, 22, and 23rd of 2023 and by voicemail on May 23, 2023. Plaintiff counsel's sole response has been an e-mail on May 23, 2023 stating that he will get back to us in the "near future" after consultation with his client. Defendant's counsel replied by pointing out that the tactical decisions at issue are within the purview of the attorneys and that conferencing with his client was not a valid reason to delay a conference between the parties' attorneys. Plaintiff's counsel was informed that Defendants' counsel would not delay on these issues.

7. The inability of Defendants' counsel to engage Plaintiff's counsel in a conference or to resolve discovery scheduling matters was through no fault of their own.

## II. THIS COURT HAS DISCRETION TO GRANT DEFENDANTS LEAVE TO AMEND THEIR ANSWER TO THE COMPLAINT

8. Leave to amend a pleading is to be "freely given when justice so requires." Fed.R.Civ.P. 15(a). Even so, leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

9. Decisions to grant or deny amendments are reviewed using an abuse of discretion standard. *J.D. Marshall Int'l, Inc. v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir. 1991).

10. In this case, justice requires that Defendants be granted leave to amend their Answer.

11. When Defendants filed their Answer on February 8, 2023, discovery had not been initiated and evidence had not been exchanged. Upon review of Plaintiff's Rule 26(a)(1) initial disclosures, it is clear that Plaintiff cannot articulate or calculate any measure of damages.

12. Defendants' proposed Amended Answer would admit liability and leave only the issue of damages for further determination by this Court. (Exhibit 2).

13. Undue delay is not present because less than a month has passed since Defendants received initial disclosures of evidence in this case. Defendant is acting in good faith because it requests to admit liability shortly after being apprised of Plaintiff's initial evidence.

14. Finally, Plaintiff cannot be prejudiced by an amendment that seeks to admit liability. Defendants' request seeks to limit the issues in this case and limit the scope of discovery. Plaintiff is not being surprised by new issues untimely presented.

15. Based on the foregoing, Defendants should be granted leave to file their proposed Amended Answer attached as Exhibit 2.

### III. UPON DEFENDANTS' ADMISSION OF LIABILITY THERE WILL BE NO REASON TO DELAY EXPEDITED DISCOVERY LIMITED TO DAMAGES

16. Defendants seek to implement an expedited discovery schedule on the issue of damages and hold a hearing limited to the issue of damages shortly thereafter.

17. Presently, no discovery schedule has been set by the parties or this Court aside from a May 15, 2023 date to issue the first round of written discovery requests. (Minute order dated April 19, 2023, D.E. 66).

18. Rule 16((b)(4) addresses modifications to discovery schedules and states: "A schedule may be modified only for good cause and with the judge's consent."

19. In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir.2005).

20. Defendants have been diligent in bringing this motion to expedite discovery on the issue of damages. Defendants' first knowledge of Plaintiff's lack of evidence as to damages was within Plaintiff's Disclosures, served on May 8, 2023. Defendants bring this motion sixteen days later. Defendants' counsel would have brought this Motion sooner had Plaintiff's counsel timely responded to requests to conference.

21. Given Defendant's proposal to admit liability, discovery on issues outside the scope of damages would be a waste of resources for both the parties and this Court.

22. Plaintiff's counsel has not responded to numerous requests by Defendants' counsel to confer regarding an expedited discovery schedule as to damages. (See paragraph 6 above).

23. Specifically, Defendants request that Plaintiff be granted twenty-one (21) days to turn over evidence supporting its alleged damages and for a hearing to take place within fourteen (14) days thereafter.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully request that the Court grant the following relief:

1) That Defendants be granted leave to file their Amended Answer;

      2)      That Plaintiff turn over evidence supporting his requested damages within twenty-one (21) days hereto;

      3)      That the Court set a date certain for hearing limited to the issue of damages within fourteen (14) thereafter; and

      4)      That the Court grant such further relief as the Court deems just and proper.

Respectfully submitted this 24th day of May, 2023.

                                                        By:    /s/ Michael T. Stanley

                                                        Michael T. Stanley
                                                        IL Bar No.: 6284055
                                                        Ford Banister LLC
                                                        111 W. Jackson Suite 1700
                                                        Chicago, Illinois 60604
                                                        Telephone: 212-500-3268
                                                        Email: mstanley@fordbanister.com
                                                        Attorney for Defendants

# **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JUNZHOU HUANG,<br><br>Plaintiff,<br><br>v.<br><br>Partnerships and Unincorporated Associations identified in Schedule A | Case No.: 22-cv-00809<br><br>**JURY TRIAL DEMANDED** |

### INITIAL DISCLOSURES OF PLAINTIFF PURSUANT TO FED. R. CIV. P. 26(a)

Plaintiff provides these Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). These disclosures are based on Plaintiff's preliminary understanding of the factual allegations and legal claims as set forth in the Second Amended Complaint. Plaintiff reserves the right to supplement or amend these disclosures, including pursuant to Fed. R. Civ. P. 26(e), after it discovers more details about such allegations and legal claims.

1. **Individuals Likely to Have Discoverable Information That Plaintiff May Use to Support its Claims or Defenses.** Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Plaintiff discloses the following individuals who are likely to have discoverable information that may be used to support Plaintiff's claims or defenses and the subjects of the information. Plaintiff reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e). The following disclosures do not include witnesses who will be used solely for impeachment, rebuttal, or expert testimony, who will be disclosed in accordance with the schedule for disclosure of such witnesses set by the Court.

| Name | Address and telephone number if known | Subject matter of information |
|---|---|---|
| Junzhou Huang | [Address and telephone number] | the research and development that led to the patented invention; prior art to the asserted patent; the |

prosecution of the application for the asserted patent; licensing, producing, marketing, distributing and sales of the patented products; damages done by the accused infringers

2. **Description of Documents and Things in Plaintiff's Possession, Custody, or Control That It May Use to Support Its Claims or Defenses.** Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiff hereby discloses the following categories of documents, electronically stored information and tangible things in its possession, custody or control that it may use to support its claims or defenses and the location of such categories of documents. Plaintiff reserves the right to amend or supplement these disclosures as provided under Fed. R. Civ. P. 26(e). The following disclosures do not include documents and things that are likely to be offered solely for impeachment:

| Document categories | Location |
| --- | --- |
| The file history of the asserted patent. | [Location, e.g., the office of undersigned counsel] |
| Prior art to the asserted patent. | [Location, e.g., the office of the disclosing party] |
| Technical drawings showing the design of the accused product. | [Location, e.g., cloud storage servers maintained by Amazon] |
| User manuals and promotional materials for the accused product. | [Location] |
| Sales, marketing, or other commercial activities of the patented products | [Location] |

3. **Computation of any Category of Damages Claimed and Disclosure of Supporting Documents.** Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiff discloses that it seeks actual damages in an amount that it has not yet determined, as well as an award of attorneys' fees, costs, and pre-judgment interest. Plaintiff's damages calculations will depend on the analysis and expert testimony of its damages expert, for which a damages expert report will be provided according to the schedule set by the court. Plaintiff further responds as follows:

   (a)  At this time and without complete information about the accused product or the quantity and dollar value of the sales of the accused product sufficient to allow a

      damages calculation or estimate, and without having yet conducted a complete investigation and analysis of royalty rates in the industry and other pertinent Georgia-Pacific factors, Plaintiff discloses that pursuant to 35 U.S.C. § 284 it will, at a minimum, seek actual damages based on a reasonable royalty of, net sales of accused product. The royalty calculation will be based in part on confidential documents that will be made available for inspection and copying at the office of the undersigned counsel at a mutually agreeable date and time after entry of a suitable protective order.

  (b)  At this time and without complete information about the accused product, the quantity and dollar value of the sales of the accused product, the marketing and sales of the accused product, the customers to whom the accused product was offered for sale and sold, and the prices at which the accused product was offered for sale and sold, and without having conducted a complete economic analysis on damages, Plaintiff discloses that it will seek an award of actual damages based in whole or in part on lost profits from lost sales and/or price erosion. The lost profits calculation will be based in part on confidential documents that will be made available for inspection and copying at the office of the undersigned counsel at a mutually agreeable date and time after the entry of a suitable protective order.

4. **Insurance Agreements Liable for Part or All of a Judgment or for Indemnification.**
Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), Plaintiff discloses that it has not identified any insurance agreement(s) that may cover all or part of a judgment entered against it or that may indemnify or reimburse it for payments that satisfy any such judgment.

DATED May 8, 2023.            Respectfully submitted,

/s/ Zhangyuan Ji
Shen Wang (ILND Bar No. 6314224)
Hao Tan (ILND Bar No. 6314119)
Haoyi Chen (*pro hac vice* application to be sought)
Zhangyuan Ji (ILND Bar No. 6336107)
ARCH & LAKE LLP
203 North LaSalle Street
Suite 2100
Chicago, Illinois 60601
636-236-5390 (Shen Wang)
312-375-9408 (Hao Tan)
346-335-9890 (Haoyi Chen)
773-680-9572 (Zhangyuan Ji)
shenwang@archlakelaw.com
haotan@archlakelaw.com
haoyichen@archlakelaw.com
ellen@archlakelaw.com

*Counsel for Plaintiff*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on the May 8, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      /s/ Zhangyuan Ji
      Zhangyuan Ji
      ARCH & LAKE LLP
      203 North LaSalle Street
      Suite 2100
      Chicago, Illinois 60601
      773-680-9572
      ellen@archlakelaw.com

# **EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Junzhou Huang, | ) |
| | ) |
| Plaintiff, | ) Case No. 22-cv-00809 |
| | ) |
| v. | ) Judge Edmond E. Chang |
| | ) |
| The Partnerships and Unincorporated | ) Magistrate Judge Heather K. McShain |
| Associations Identified on Schedule A | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' AMENDED ANSWER**

Defendant Nos. 1 and 2, Orchid Trade, Inc., identified on Schedule A as "Da Boom" and "Magazine" and 8, Creator Trade Inc., identified on Schedule A as "Angmile" ("Defendants"), by and through their undersigned counsel, submit their Amended Answer to Plaintiff's Second Amended Complaint.

**JURISDICTION AND VENUE**

1.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U. S.C. § 1331.

**ANSWER:** Admitted in part and denied in part. Defendants admit that the Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq.; 28 U.S.C. § 1338(a) - (b) and 28 U.S.C. § 1331. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) as Defendants are believed to be Chinese entities and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in

1

the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products featuring Plaintiff's patented design. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**ANSWER:** Admitted.

## INTRODUCTION

3. This action has been filed by Plaintiff to combat online infringers selling and/or offering for sale unauthorized and unlicensed products, namely the Filter for Pet Fountain shown in Exhibit 1, that infringe Plaintiff's patented design, U.S. Patent No. D912,763 (the "Infringing Products").

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore deny them.

4. The Defendants create the Defendant Internet Stores selling and/or offering to sell Infringing Products to unknowing consumers.

**ANSWER:** Admitted.

5. Plaintiff is forced to file this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

**ANSWER:** Denied.

# THE PARTIES

## Plaintiff Junzhou Huang

6. Plaintiff Junzhou Huang is a Chinese national residing within the People Republic of China. Plaintiff is the inventor and owner of the U.S. Design Patent No. D912,763 (the "'763 Patent") titled "Filter For Pet Fountain."

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore deny them.

7. Plaintiff's fountain filters for pet fountain devices, which practice the '763 Patent, are offered for sale or sold via online retailers such as Walmart.com.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore deny them.

8. Plaintiff's fountain filters for pet fountain devices have been sold and/or offered for sale through Walmart.com, have been well received by customers who desire replacement filters for their pet fountain devices. One of its authorized stores, https://www.walmart.com/ip/6-Pcs-lot-Cat-Dog-Water-Fountain-Water-Dispenser-Filters-Activated-Carbon-Drinking-Water-Fountain-Filters-Replacement-Replacement-Filters/607694871?athbdg=L1700, has received 44218 reviews and garnered averaging 3 out of 5 stars.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore deny them.

9. Plaintiff is the lawful owner of all rights, title, and interest in the '763 Patent. The '763 Patent was duly issued on March 9, 2021. Attached hereto as Exhibit 2 is a true and correct copy of the '763 Patent.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore deny them.

10. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the patent design or the '763 Patent.

**ANSWER:** Admitted.

### The Defendants

11. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

**ANSWER:** Admitted in Part and Denied in Part. Defendants admit that they operate certain ecommerce store Seller Aliases identified on Schedule A and that they reside in and operate from China. Defendants further admit that they have at least offered to sell Infringing Products.

12. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale products that infringe directly and/or indirectly the '763 Patent in the same transaction, occurrence, or series of transactions or occurrences.

**ANSWER:** Denied.

13. For example, Defendants all sell and/or offer for sale the same infringing product during the same time period as shown in Exhibit 1, which is updated.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore deny them.

14. For yet another example, Defendants share similar or strikingly identical product photos, or, alternatively, photos of apparently the same product, in their sales websites, as stated in Plaintiff's declaration, filed and attached as Exhibit 3.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore deny them.

15. For yet another example, Defendants share similar product titles/ descriptions, or, alternatively, a similar naming pattern in each of their titles/descriptions, as shown in Exhibit 3.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore deny them.

16. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

  **ANSWER:** Denied.

17. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the '763 Patent, and none of the Defendants are authorized retailers of Plaintiff's Products.

  **ANSWER:** Admitted.

18. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

  **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore deny them.

19. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

  **ANSWER:** Denied.

20. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the '763 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

  **ANSWER:** Admitted.

21. Defendants' infringement of the '763 Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

  **ANSWER:** Admitted.

22. Defendants' infringement of the '763 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

  **ANSWER:** Denied.

**COUNT I**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D912,763**
**(35 U.S.C. § 271)**

23. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

  **ANSWER:** Defendants restate and incorporate their responses to the allegations set forth in Paragraphs 1 through 22.

24. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the '763 Patent.

  **ANSWER:** Admitted.

25. Defendants have infringed the '763 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

  **ANSWER:** Admitted in Part and Denied in Part. Defendants admit that they have infringed the '763 Patent. The remaining allegations of paragraph 25 are denied.

26. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the '763 Patent, Plaintiff will be greatly and irreparably harmed.

  **ANSWER:** Denied.

27. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

6

**ANSWER:** Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in its Complaint.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendants request a jury trial of all issues that may be tried to a jury.

Respectfully submitted this 24th day of May, 2023.

By: /s/ Michael T. Stanley

Michael T. Stanley
IL Bar No.: 6284055
Ford Banister LLC
111 W. Jackson Suite 1700
Chicago, Illinois 60604
Telephone: 212-500-3268
Email: mstanley@fordbanister.com
Attorney for Defendants